### In re LEVIEN.

(Supreme Court, Appellate Division, First Department. January 8, 1915.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—DISBARMENT.

Where respondent as an attorney at law received $280 from a client to be paid to another in installments, and only paid over $40 of the amount and converted the balance, he was guilty of misconduct warranting disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

In the matter of disbarment proceedings against Douglas A. Levien. On report of an official referee, convicting respondent of professional misconduct. Report confirmed, and respondent disbarred.

See, also, 158 App. Div. 927, 143 N. Y. Supp. 1127.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore L. Waugh, of New York City, for petitioner.
Lyman Settel, of New York City, for respondent.

INGRAHAM, P. J. The respondent was admitted to practice in the year 1864. The Association of the Bar of the City of New York have charged him with professional misconduct, in that between May, 1907, and May, 1909, the respondent, as attorney for one Albert R. Kean, received the sum of $280, to be paid over to Mary Wilson in sums of $10 at intervals of from one to two months, and that he paid to the said Wilson the sum of $40 and converted the balance to his own use. The referee has reported that said Mary Wilson, while in the employ of Kean, gave birth to a child of which Kean was the father; that this woman then made a demand upon Kean for the support of the child, and the respondent was employed by Kean to represent him; that the respondent called upon Mary Wilson and arranged that she should be paid $10 monthly by Kean for the support and maintenance of the child; that to carry out this agreement Kean made payments from time to time in checks of $10, each payable to the order of the respondent. Twenty-two such checks were produced in evidence; Kean, however, claiming that he had paid to the respondent $280.

Mary Wilson testified that the respondent called on her and made an offer of settlement on behalf of Kean, whereby Kean was to pay her $10 monthly, and that she received four installments, of $10 each, and no more. The respondent on his own behalf testified that he had very little, if any, definite recollection of the receipt and payment of

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the money; but he was quite sure he had paid over all he received to Mary Wilson, and that he had no written memorandum, books, or records of the transaction. On this testimony the referee reports that the charge of misconduct against the respondent was established.

The checks introduced in evidence show payments to the respondent of $220. These checks seems to have been cashed by different persons, and not deposited in any bank account, or turned over to the person for whom they were intended, and there can be no question but what the respondent, instead of applying this money to the purpose for which it was paid to him, misappropriated a large portion of it to his own use. The final result was that the respondent admitted receiving $220; but when that amount was proved by checks bearing his indorsement by a stipulation in the action brought in the Municipal Court against him to recover this money, he admitted receiving $280. His only attempt to meet the testimony of the woman that she had received but $40 from him was a general statement that he had paid all the money he received over to her, without the slightest corroboration, and without being able to state the dates or places of such alleged payment. It was therefore established that the respondent has been guilty of misappropriating at least $180.

Considering all the facts disclosed by this record, it is impossible that this conduct should be overlooked, and there is nothing to justify the court in failing to follow its invariable custom in such a case of disbarring an attorney who has been guilty of such misconduct.

The respondent is therefore disbarred.

Respondent disbarred. Order to be settled on notice. All concur.